**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE FREEMAN, individually and on behalf of others similarly situated, | |
| Plaintiff, | Case No. 20-cv-01834 |
| v. | Judge Edmond E. Chang |
| MAM USA CORPORATION, | |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND CASE MANAGEMENT ORDER
AND TO AMEND COMPLAINT**

Defendant's Opposition to Plaintiff's Motion for Leave to Amend Case Management Order and Complaint (Dkt. No. 88) (the "Opposition") scarcely addresses Plaintiff's legal arguments and, instead, attempts to create confusion about the facts rendering the addition of MAM Babyartikel GmBH ("MAM Vienna") necessary. Defendant's lengthy submission of irrelevant information and half-truths should not distract this Court from the fact that the addition of MAM Vienna is 1) necessary for a full and fair adjudication of these claims; 2) brought in a timely manner; and 3) not prejudicial to Defendant.

**FACTUAL RESPONSE**

Defendant attempts to cloud the record to turn this simple Motion for Leave to Amend Case Management Order and Complaint (Dkt. No. 80, the "Motion") into something much more grandiose. MAM Vienna is a proper party, which must be added, due to its role in designing and producing the packaging at issue in this case. Defendant's Opposition does nothing to materially change the fact that Plaintiff's Motion was filed in a timely fashion—just after the need to add

1

MAM Vienna had been established during discovery. Its over-heated rhetoric aside, Defendant has offered no good reason to deny Plaintiff's Motion.

### A. The Need To Add MAM Vienna To This Matter Was Recently Discovered, And The Motion Is Thus Timely

Defendant makes much of the fact that this matter has been pending since March 17, 2020, and attempts to create confusion by claiming that Plaintiff or her counsel could have ascertained the need to add MAM Vienna prior to filing the complaint. What is notable, however, is what Defendant does *not* dispute.

First, Defendant does *not* dispute the fact that its document production was not substantially completed until April 22, 2022.  Indeed, in November of 2021, more than 18 months after this matter was initiated, Defendant filed a motion with this Court seeking to extend the discovery deadlines because it had not yet begun its production of documents due to delays occasioned by the collection process as well as the COVID-19 pandemic. *See* Dkt. No. 43. Defendant further does *not* dispute that the depositions of its corporate designees were not complete until June 22, 2022, and the depositions of its other witnesses were not complete until August 2022. Now, having taken *more than two years* to complete its document productions, Defendant complains that this matter has gone on too long. Defendant should not be permitted to benefit from a delay almost entirely of its own making.

More tellingly, Defendant does *not* challenge or dispute the fact that its corporate designee testified under oath mere months ago that MAM Vienna was responsible for many of the labeling decisions that are at the heart of this litigation. Opp. 9; Dkt. No. 80-6.  Tellingly, Defendant does not, and in fact cannot, point to a single document or website where this critical information was disclosed prior to that testimony. Defendant's silence on this critical issue only substantiates the need to add MAM Vienna as it is responsible for the false claims at issue in this matter and—

according to Defendant under oath—the only entity that can offer testimony regarding the decisions at issue in this litigation. Shortly after MAM Vienna's status as the primary decision maker had been established and verified during deposition testimony, the instant Motion was filed.

### B. Defendant Presents Irrelevant Information To Cloud The Record And Does Not Contest Plaintiff's Evidentiary Record

Unable to dispute the core facts that give rise to Plaintiff's Motion, Defendant creates a smoke-cloud of innuendo and accusations of bad-faith, seeking to distract the Court with irrelevant and useless information from MAM's website as well as a smattering of references to MAM Vienna in its document productions and discovery requests, which it claims should have alerted Plaintiff to the need to add MAM Vienna. First, Defendant makes multiple references to archived versions of the MAM website. Opp. 4-5.[1] Those references are both vague and irrelevant. Plaintiff has not suggested she was unaware of the existence of MAM Vienna, or that its existence was hidden from her. Rather, she seeks to add MAM Vienna because, until the recent depositions, she was unaware that MAM Vienna was directly responsible for the labeling claims at issue and that MAM USA would avoid answering direct questions about labeling decisions on the grounds that those decisions were made elsewhere and by another entity.

Defendant does not point to a single location on its now-deleted website indicating that MAM Vienna is responsible for the content and substantiation of claims made on its packaging and labeling of products sold in the United States. Nor does Defendant point to a single location on its website that indicates that MAM Vienna employees directly supervise and manage all major decisions made by its United States subsidiary. Instead, it tries to claim that the mere mention of

---

[1] Defendant references a onetime archive of the MAM website from April 9, 2020. Some of the information cited to, such as the "MAM Locations" information, is no longer accessible via the MAM website.

MAM Vienna on a global website should have caused Plaintiff seeks to add MAM Vienna as a defendant at an earlier date. Tellingly, Defendant cites no authority for that inefficient and, given the number of global companies in today's economy, unjustifiable proposition. Nor does Defendant's reference to Facebook and LinkedIn in its brief provide any clarity regarding how these social media sites should, or even could, have put Plaintiff on notice that a foreign entity made all of the marketing decisions regarding the products it sold in the U.S. *See* Opp. 5. ("Google searches would have revealed even more information about MAM and its businesses, including information on Facebook, LinkedIn and other sites.")

Second, Defendant points to a smattering of documents in its productions that have references to MAM Vienna or include a reference to a MAM Vienna employee. Opp. 6-7. More specifically, Defendant cites to twenty-five of the *more than 29,000 documents*[2] it produced and claims that Plaintiff—without any deposition testimony or other substantiating evidence—should have been able to utilize that information to make a determination to add MAM Vienna. *Id*. at 6-8. Again, Defendant cannot point to a single document where a clear statement regarding MAM Vienna's responsibility for the underlying issues in this litigation are established. Instead, it assumes that these few references to MAM Vienna employees or MAM Vienna as an entity should have been sufficient to put Plaintiff on notice that MAM Vienna was an indispensable party to this litigation.[3] Under Defendant's theory, a plaintiff should immediately add every corporate affiliate or related entity simply on the basis that they are mentioned in emails or documents related to the

---

[2] Those citations include just 259 pages out of more than 100,000 produced.

[3] For example, in the sealed exhibit (Dkt. No. 89-1) one of the documents Defendant cites, MAM USA_0004520-21, the only indication of MAM Vienna's involvement is the originating email wherein the author's signature block notes he is a MAM Vienna employee. There is no other reference to MAM Vienna anywhere in the email chain cited.

underlying litigation. Unsurprisingly, Defendant does not and cannot cite to a single case for this wildly inefficient and costly idea.

Defendant also cites its 26(a)(1) Initial Disclosures and Interrogatory Responses to show that MAM Vienna's role was "evident" very early in discovery. *Id*. at 6-7. However, it is clear that Defendant's partial disclosures were an attempt to game the system to conceal MAM Vienna. By way of example, Defendant chose to include Monika Skokan in its Initial Disclosures as an individual that MAM USA "may use to support its defenses," but did not disclose that she was a MAM Vienna employee. *See* Dkt. No. 80-3, at Disclosure 1.

This brinkmanship continued with Defendant's June 23, 2021 Answers to Interrogatories. *See* Dkt. No. 83-1. While Defendant is correct that it identified Michaela Reisenbichler, Monika Skoken, and Peter Roehring as MAM Vienna employees, *id*. at Interrogatory Response 1, this designation was contradicted by Defendant's many objections to definitions and instructions. Defendant included three objections that specifically limited their response to only include MAM USA[4].

- Objection to Definitions and Instructions 2: MAM objects to the definition of "Affiliate(s)" on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of this case. **The definition encompasses entities which are not subject to the personal jurisdiction of this Court, and may extend to information not relevant to the action**, including information related to MAM Orthodontic Pacifier products sold outside the United States.

- Objection to Definitions and Instructions 3: MAM objects to the definition of "Employee(s)" on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of this case. Read literally, the definition encompasses "any person who at any time during the period covered by this request acted or purported to act on behalf of another person or persons" without limiting the definition to any person(s) acting on behalf of MAM. **In order to**

---

[4] While Defendant's objection only lists "MAM," in the introductory paragraph to the Interrogatory Responses Defendant states "Defendant MAM USA Corporation ("Defendant" or "MAM")" thus the use of "MAM" in objections and responses corresponds to MAM USA and no other MAM entity.

**apply a reasonable interpretation of this definition, MAM will limit the scope to include only employees of MAM.**

- <u>Objection to Definitions and Instructions 5:</u> MAM objects to the definition of "Defendant," "MAM," "you," "your," "yourself," or "company" on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of this case. **The definition encompasses entities which are not subject to the personal jurisdiction of this Court, and may extend to information not relevant to the action, including information related to MAM Orthodontic Pacifier products sold outside the United States.** MAM shall consider these terms to include **only the actual defendant named in this litigation**. MAM will comply with the Federal Rules of Civil Procedure and any rules/orders of this Court in collecting and producing documents.

(emphasis added).

These objections intentionally limit the response to only MAM USA thus clouding any clarity gleaned from the designation of employees in Interrogatory 1. Any number of things could have occurred between the filing of the lawsuit and the Interrogatory Response that may have resulted in these employees leaving MAM USA for MAM Vienna, such as promotion, relocation, or simply changing divisions at work. Defendant's response to Interrogatory 1 is, at best, contradictory, and, at worst, misleading. These disclosures cannot serve as the basis to claim Plaintiff was "clearly and unequivocally on notice" of MAM Vienna's role in the case.

## <u>LEGAL ARGUMENT</u>

Plaintiff has established good cause to amend her complaint, and despite Defendant's best efforts, it is clear that there was no undue delay on the part of Plaintiff which would justify denial of her motion due to undue prejudice. Defendant's opposition presents neither facts nor law sufficient to deny Plaintiff's Motion.

## I.   Good Cause Exists To Grant The Motion Under Fed. R. Civ. P. 16

"In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). To amend a pleading after the scheduling order deadline has passed, "[a] party

must show that despite his or her diligence, the time table could not have reasonably been met." *Vitelo v. Brazzaz, LLC*, No. 09 C 01051, 2010 WL 3273898, at *3 (N.D. Ill. Aug. 16, 2010). The question of whether to grant leave to amend turns on whether the movant was, or should have been aware of the facts underlying the claim prior to the expiration of the scheduling order deadline. *Triteq Lock & Sec. LLC v. Innovative Secured Sol., LLC*, No. 10 C 1304, 2011 WL 3203303, at *2 (N.D. Ill. July 21, 2011) (citing *Trustmark Ins. Co. v. Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir.2005)).

In *Vitelo*, the plaintiff sought to amend the complaint and add a defendant after the scheduling order deadline to amend the pleadings had passed. *Vitelo*, 2010 WL 3273898, at *3. The court permitted the addition of the party because the plaintiff "was not given clear information" regarding the newly-added defendant's identity. *Id*. at *4. In permitting amendment, the court focused squarely on the quick manner[5] in which the plaintiff sought to amend once it had verified the identity of the party it sought to add. *Id*.

In making its determination, the court approvingly cited to a Southern District of Illinois case, *Spano v. The Boeing Co*., 306CV-00743-DRH-DGW, 2007 WL 4390366 (S.D. Ill. Dec. 14, 2007). In *Spano*, the court considered several arguments raised by the defendant in opposition to plaintiff's motion to amend, including that the plaintiffs should have been aware of the role of the potential defendant as its existence had been disclosed in discovery. *Id*. The court stated:

> Although Defendants strenuously argue that the fiduciary delegation to the EBIC was clear from early in the discovery process, the documents they submit in support of this contention are unclear, casting doubt upon their assertion. Furthermore, the Court finds that the Defendants will not be prejudiced by the joinder of the EBIC because Defendants were fully aware of the EBIC's role as the Plan's fiduciary,

---

[5] Plaintiff in this case acted with more speed than the Plaintiff in *Vitelo*, who at least knew of the existence of the necessary party at the time he served his initial disclosures, but did not know the party's full name or title.

even if the Plaintiffs were not, and were therefore aware of EBIC's potential liability.

*Id.* at 3. The court further determined that the thousands of pages of discovery produced by the defendants following the deadline to amend undercut their argument that the plaintiffs had failed to litigate diligently:

> Plaintiffs have shown that Defendants produced a large number of documents after the deadline for amendment. No amount of diligence on the part of Plaintiffs could have forced production of those documents prior to the deadline; the production was at the will of the Defendants. Therefore, it is the Defendants' own conduct that belies their assertion that the Plaintiffs have not been diligent in making timely claims.

*Id.*

The Seventh Circuit has affirmed cases finding good cause in similar circumstances where the party seeking amendment does so promptly after learning the vital factual information that supports the amendment. *See Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 831-33 (7th Cir. 2016) (affirming district courts grant of leave to amend where there was a forty-eight (48) day delay between learning of the need to amend and filing of leave to amend); *see also Triteq Lock & Sec. LLC*, 2011 WL 3203303, at *2 (finding no dilatory motive where "[d]iscovery . . . has been slow and contested, with Plaintiff filing multiple motions to compel. As set forth above, Plaintiff acquired new evidence through discovery and then promptly sought leave to amend.").

Defendant's cited cases are inapposite to the case at bar. In *Deschauer*, a landowner sued his attorney alleging legal malpractice stemming from representation in a rental agreement. No. 09 C 2606, 2010 WL 3019970, at *1 (N.D. Ill. July 29, 2010). After the close of all fact discovery, the plaintiff sought to amend his complaint "to add additional breaches allegedly caused by Defendant, to correct a mistaken citation to a lease provision, and to add . . . a party defendant."

8

*Id*. at *2. In *Johnson*, four years after learning that the factual basis for his legal claim was false, after discovery had closed, and while a summary judgment motion was pending against him, the plaintiff sought to amend his complaint, abandoning his original theory of the case.

Unlike *Deschauer,* fact discovery is not closed—fact discovery as to the claims of the putative class remains open. *See* Dkt. No. 33. Further, Plaintiff does not seek to amend the Complaint to add both a new unrelated party and completely new claims against the original defendant. Instead, Plaintiff seeks to add a party related to the original Defendant subject to the same claims asserted in her original complaint. Like the defendants in *Spano*, Defendant here cannot be injured by permitting Plaintiff to amend her complaint to add MAM Vienna as a defendant, as Defendant has been aware *this entire time* that MAM Vienna was the primary decisionmaker regarding Defendant's labeling. Additionally, unlike the plaintiff in *Johnson*, Plaintiff filed her request to amend within a month of the deposition which demonstrated the need to add MAM Vienna as a defendant. Further, Plaintiff seeks only to add a necessary party while leaving the underlying claims unchanged. Plaintiff's motion bears little resemblance to "exactly the sort of switcheroo we have counseled against." *Johnson* at 873.

## II.    Justice Requires Adding MAM Vienna

Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). "District Courts 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile.'" *Lukis v. Whitepages Inc.*, 535 F. Supp. 3d 775, 793 (N.D. Ill. 2021) (quoting *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017)).

Defendant argues that the proposed amendment would result in undue prejudice because adding MAM Vienna will result in delay due to additional time for discovery and due to the "enormous sums of money in discovery" MAM USA has already expended. Opp. 14-15.

Defendant's argument relies on *In re Ameritech Corp.* 188 F.R.D. 280 (N.D. Ill. 1999). In *Ameritech*, the plaintiffs filed suit on November 13, 1997, alleging violations of the Lanham Act and supplemental state law claims against the defendant. *Id.* at 281-82. The plaintiffs amended the complaint once and then after the close of discovery and the filing of dispositive motions, the defendant sought to amend their counterclaims to add a new claim and class allegations. *Id.* at 282. The court rejected the motion in part because the addition of new claims, including a new class claim, would present many complications. *Id.*

The facts of this case differ markedly from those in *In re Ameritech Corp.* First, fact discovery is not closed—only fact discovery with regard to class certification has closed. Second, Plaintiff has not previously sought amendment. Third, and most significantly, the nature of the amendment requested here is markedly different than that sought in *Ameritech*—Plaintiff in this case is not seeking to add new claims nor convert an individual action to a class action. As such, *In re Ameritech Corp.* is not applicable to the facts at hand. Furthermore, Defendant is fully aware of the discovery Plaintiff will seek from MAM Vienna as it will be the same as that previously sought from MAM USA. Given Aristotelis Savvides' attendance at corporate designee depositions, it is unfathomable that MAM Vienna would not already be on notice of the desired discovery.

It is important to note, as even Defendant's own case law does, that "[v]irtually every amendment results in some degree of prejudice to the opposing party . . . ." *Id.* at 283. As such, "prejudice manufactured by a defendant is not a ground for refusing relation back [or amendment

of complaint]." *Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011). Here, Defendant, either intentionally as part of discovery strategy or by accidental omissions, obscured MAM Vienna's role in this case. This has been the case since its 26(a)(1) disclosures. Plaintiff doggedly pursued the required information by way of additional 30(b)(1) depositions of Defendant's employees. Upon learning of MAM Vienna's role one month prior to the filing of this Motion, Plaintiff conferred with Defendant and, then, diligently worked to file this Motion. Defendant should not be enabled to claim undue prejudice from its own actions resulting in this outcome. Justice requires adding MAM Vienna to this case.

### III. Defendant's Passing Reference To Potential Issues Of Personal Jurisdiction Have Not Been Adequately Briefed And Are Not Ripe For Consideration

Defendant alludes to possible issues regarding the court's personal jurisdiction over MAM Vienna. Opp. 1-2, 14. Defendant, however, does not cite any case law, statutes, or rules of civil procedure in support of its contention. Indeed, such issues are better left to resolution at a later date when full arguments can be presented to this Court. When presented with possible futility issues that have not been briefed in considering a motion to amend, courts typically will leave the issue for later determination.

> The fact that futility may sometimes constitute a reason for denial of a motion to amend is not a general invitation to explore the merits of novel proposed claims or to raise defenses that require analysis of matters outside the pleadings. The futility defense to a motion to amend is not, in short, a substitute for a motion to dismiss or a motion for summary judgment.

*Tissues Prod. Tech. Corp. v. Factory Mut. Ins. Co.*, No. 07-C-771, 2008 WL 11345876, at *1 (E.D. Wis. Aug. 21, 2008) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (3d ed. 1998)). Since Defendant did not brief this issue and a defendant may contest personal jurisdiction by filing a motion to dismiss this issue is likely best

addressed, if needed, at a later time. *See Mold-A-Rama Inc. v. Collector-Concierage-International*, 451 F. Supp. 3d 881, 885 (N.D. Ill. 2020).

## CONCLUSION

For all theses reasons, the Court should grant Plaintiff's Motion for Leave to Amend the Case Management Order and Complaint.

Dated: October 12, 2022        Respectfully submitted,

**LYNCH CARPENTER, LLP**

*/s/ Edwin J. Kilpela*
EDWIN J. KILPELA
ekilpela@lcllp.com
ELIZABETH POLLOCK-AVERY
elizabeth@lcllp.com
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0346

KATRINA CARROLL
katrina@lcllp.com
111 W. Washington Street, Suite 1240
Chicago, Illinois 60602
Telephone: (312) 750-1265
Facsimile: (312) 750-1591

MELISSA S. WEINER
mweiner@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
328 Barry Avenue S.
Suite 200
Wayzata, Minnesota 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I electronically filed the foregoing Reply Memorandum with the Clerk of Court using the CM/ECF system, and that the electronic case filing system sent a notice of electronic filing to all parties of record.

*/s/ Edwin J. Kilpela, Jr.*